IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

BRENNA COLLIS,
Claimant Below, Petitioner

**FILED**
**October 24, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-168**        (JCN: 2021015806)

ECOLAB, INC.,
Employer Below, Respondent

## MEMORANDUM DECISION

Petitioner Brenna Collis appeals the March 26, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent Ecolab, Inc., filed a response.[1] Ms. Collis did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which granted a 10% permanent partial disability ("PPD") award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 26, 2021, Ms. Collis sustained a right knee injury while descending stairs at work. On November 8, 2023, Ms. Collis was seen by Joseph Cincinnati, D.O., who reported that she was doing better and wanted to return to work. Dr. Cincinnati indicated that he saw little swelling and no effusion of Ms. Collis' right knee, and she had full extension and 120° of flexion with no instability. Dr. Cincinnati noted that Ms. Collis had a right artificial knee joint. He released Ms. Collis to return to work on November 13, 2023, without restrictions.

Ms. Collis was evaluated by Chris Renninger, M.D., an orthopedic surgeon, on November 16, 2023. Dr. Renninger indicated that Ms. Collis reported no prior knee injuries. Dr. Renninger noted that Ms. Collis underwent a diagnostic and operative arthroscopy with medial meniscus debridement and chondroplasty for grade III cartilage loss in the medial femoral condyle on April 15, 2021; a right knee MRI performed in July of 2021 showed worsening cartilage; a right knee x-ray performed in March of 2023

---

[1] Ms. Collis is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq. Ecolab, Inc., is represented by James S. Maloney, Esq.

showed advanced degenerative joint disease of the medial compartment with genu varus bone-on-bone contact with the medial compartment and subluxation; and she underwent a total knee replacement on May 22, 2023. Ms. Collis reported that her knee was about the same as it was prior to surgery with mild daily pain and swelling; that she was limited with standing, walking, and climbing stairs; and that she had difficulty rising unassisted from a seated position and an inability to kneel. Ms. Collis also reported that she had experienced no instability or range of motion issues.

Dr. Renninger noted that Ms. Collis exhibited moderate effusion, and that her knee range of motion was 0 to 125° on the right. Dr. Renninger assessed right knee medial meniscus tear and right knee osteoarthritis, status post right total knee arthroplasty. He found that Ms. Collis had reached her maximum degree of medical improvement ("MMI"). Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, (4th ed. 1993) ("*Guides*"), Table 64 on page 85 and Table 66 on page 88, Dr. Renninger indicated Ms. Collis had 50% lower right extremity impairment, which equaled 20% whole person impairment ("WPI"). He rated Ms. Collis as having a fair result for her total knee arthroplasty. He apportioned 19% of Ms. Collis' impairment to preexisting osteoarthritis with 1% apportioned to the meniscus tear sustained on January 26, 2021.

On December 14, 2023, Dr. Renninger authored an addendum report indicating that he had been advised that Ms. Collis' total knee replacement was accepted as causally related to the injury of January 26, 2021. Thus, he revised his apportionment to 10% impairment to the preexisting osteoarthritis and 10% to the compensable injury.

On June 10, 2024, Ms. Collis was evaluated by Bruce Guberman, M.D. Dr. Guberman found that Ms. Collis had reached MMI. Ms. Collis complained of moderate to severe pain in her right knee and stiffness, weakness, instability and daily swelling. Dr. Guberman stated that Ms. Collis returned to work in November of 2023 on regular duty, but that on April 20, 2024, she was placed on light duty with restrictions of no stairs and no lifting over 10 pounds. Upon examination, Dr. Guberman found that Ms. Collis' right knee demonstrated moderate tenderness, mild crepitations, moderate warmth, and moderate swelling. Dr. Guberman further noted moderate anterior laxity, moderate posterior laxity, moderate medial laxity and moderate lateral laxity; 115° flexion in Ms. Collis' right knee with 8° of valgus deformity; and decreased sensation in the lateral half of the anterior aspect of Ms. Collis' right knee. He assessed a tear of the medial meniscus of the right knee with aggravation of preexisting but dormant degenerative joint disease and acceleration of degenerative joint disease due to the compensable injury. Pursuant to Tables 64 and 66 of the *Guides*, Dr. Guberman opined that Ms. Collis had undergone a total knee replacement and had experienced a poor result, which represented 30% WPI. He apportioned 10% impairment to Ms. Collis' preexisting degenerative changes and 20% impairment to the compensable injury.

Ms. Collis was seen by Dr. Cincinnati on August 13, 2024. Dr. Cincinnati noted that Ms. Collis had mild effusion of the right knee, possibly caused by a slight nickel sensitivity. Dr. Cincinnati indicated that revising the knee and changing to an all-titanium femur was a possibility.

On March 26, 2025, the Board affirmed the claim administrator's order granting a 10% PPD award. The Board found that the preponderance of the evidence established that Ms. Collis has 10% WPI related to her compensable injury. Ms. Collis now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

Ms. Collis argues that Dr. Renninger failed to adequately explain his decision to place her knee surgery result in the fair category, while Dr. Guberman explained his thought process in extensive detail. Ms. Collis further argues that Dr. Guberman took into account her lack of symptoms prior to the compensable injury and, thus, correctly attributed all of her current symptoms to the compensable injury. We disagree.

Here, the Board found that a preponderance of the evidence supports the finding that Ms. Collis has 10% WPI related to the compensable injury. The Board further found that the report of Dr. Renninger was supported by Dr. Cincinnati's treatment notes. The Board noted that Dr. Guberman's range of motion finding of 115° flexion in the right knee was not supported by the medical evidence, and that all other physicians found that Ms.

3

Collis had at least 120° of flexion. The Board further noted that 120° of flexion would result in a finding that Ms. Collis had a fair result from her knee surgery, rather than a poor result as found by Dr. Guberman.

Upon review, we conclude that the Board was not clearly wrong in finding that the evidence establishes that Ms. Collis has 10% WPI related to the compensable injury. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's order.

Accordingly, we affirm the Board's March 26, 2025, order.

Affirmed.

**ISSUED:** October 24, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

4